

ORIGINAL

CLERK US DISTRICT COURT
NORTHERN DIST. OF TX
FILED
2023 FEB 23 PM 3:18
DEPUTY CLERK MS

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | |
| v. | NO. 3:22-CR-369-X |
| RAHEEL BHAI (2) | |

### INFORMATION

The United States Attorney charges:

#### Introduction

At all times material to this Information:

1.  Defendant **Raheel Bhai** was a resident of Carrollton, Texas, and was the owner of IBF Properties, LLC ("IBF").

2.  IBF was a limited liability company formed in Texas on or about April 26, 2021. IBF's primary place of business was in Addison, Texas, which is within the Dallas Division of the Northern District of Texas.

3.  From in or around March 2022 through in or around July 2022, **Bhai**, IBF, and others engaged in a scheme to defraud Company X ("Company X"), an entity known to the United States Attorney, out of millions of dollars. That is, **Bhai**, IBF, and others fraudulently obtained funds from Company X by making false and fraudulent material misrepresentations to secure a loan.

4.  To obtain the loan and in furtherance of the scheme and artifice to defraud, **Bhai**, through IBF, submitted various financial statements, lease agreements, and rent rolls for a portfolio of business properties owned by IBF. The business properties were

intended to serve as collateral for the loan, and the value of the properties, including the monthly rental income generated by the properties, was material to Company X in determining whether to make the loan.

5. **Bhai** and IBF represented to Company X that the documents IBF submitted were accurate, complete, and correct in all material aspects. In reality, **Bhai** had altered and forged various documents, including the lease agreements and rent rolls, to falsely inflate the net income generated by the collateral properties. Based on the falsely inflated income, Company X agreed to make the loan.

6. On or about April 18, 2022, a title company acting on behalf of Company X wired the loan proceeds to three entities identified by **Bhai** to purportedly pay off outstanding liens on the properties. In furtherance of the scheme and artifice to defraud, **Bhai** concealed from Company X that one of the entities he identified, EPI Commercial, LLC, which received over $21 million dollars in loan proceeds, was actually a front company **Bhai** had set up to perpetrate the fraud.

7. In total, **Bhai** secured a loan from Company X in excess of $149 million dollars as a result of the scheme and artifice to defraud.

Count One
Wire Fraud
(Violation of 18 U.S.C. § 1343)

8.  The United States Attorney realleges and incorporates by reference all of the allegations set forth in Paragraphs 1 through 7 of this Information as if fully set forth herein.

9.  Beginning in or about March 2022 and continuing through July 2022, in the Northern District of Texas and elsewhere, defendant, **Raheel Bhai**, with intent to defraud, devised and intended to devise the aforesaid scheme and artifice to defraud and to obtain money and property from Company X by means of materially false and fraudulent pretenses, representations, and promises.

10. For the purpose of executing and attempting to execute the scheme and artifice to defraud, on or about April 19, 2022, **Bhai**, within the Northern District of Texas and elsewhere, knowingly and with specific intent to defraud caused to be transmitted, by means of wire and radio communication in interstate commerce, certain writings, signs, signals, pictures, and sounds, being a wire transfer of funds, in interstate commerce, in the amount of $21,906,500.

In violation of 18 U.S.C. § 1343.

## Forfeiture Notice
### (18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c))

12. Pursuant to 18 U.S.C. § 981(a)(1)(C) & 28 U.S.C. § 2461, upon conviction of the offense alleged in Count One, the defendant, **Raheel Bhai**, shall forfeit to the United States, any property, real or personal, that constitutes or is derived, directly or indirectly, from proceeds traceable to the commission of the offense.

13. The above-referenced property subject to forfeiture includes, but is not limited to, a "money judgment" in the amount of U.S. currency constituting the gross proceeds traceable to the offense.

14. Pursuant to 21 U.S.C. § 853(p), as incorporated by 28 U.S.C. § 2461(c), if any of the property described above, as a result of any act or omission of the defendants:

   a.  cannot be located upon the exercise of due diligence;

   b.  has been transferred or sold to, or deposited with, a third party;

   c.  has been placed beyond the jurisdiction of the court;

   d.  has been substantially diminished in value; or

   e.  has been commingled with other property which cannot be divided without difficulty,

the United States intends to seek forfeiture of any other property of the defendants up to the value of the forfeitable property described above.

LEIGHA SIMONTON
UNITED STATES ATTORNEY

*/s/ R. Hunter*

RENEE M. HUNTER
Assistant United States Attorney
Texas State Bar No. 24072942
1100 Commerce Street, Third Floor
Dallas, Texas 75242-1699
Telephone:   214-659-8600
Facsimile:    214-659-8809
Renee.Hunter@usdoj.gov