IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | |
| v. | NO. 3:22-CR-369-X |
| RAHEEL BHAI | |

## PLEA AGREEMENT

Raheel Bhai, the defendant, Arnold Spencer, the defendant's attorney, and the United States of America (the government) agree as follows:

1. **Rights of the defendant**: The defendant understands that the defendant has the rights:

   a. to plead not guilty;

   b. to have a trial by jury;

   c. to have the defendant's guilt proven beyond a reasonable doubt;

   d. to confront and cross-examine witnesses and to call witnesses in the defendant's defense; and

   e. against compelled self-incrimination.

2. **Waiver of rights and plea of guilty**: The defendant waives these rights and pleads guilty to the offense alleged in Count One of the Information, charging a violation of 18 U.S.C. § 1343, that is, Wire Fraud. The defendant understands the nature and elements of the crime to which the defendant is pleading guilty, and agrees that the factual resume the defendant has signed is true and will be submitted as evidence.

3. **Sentence**: The maximum penalties the Court can impose include:

   a. imprisonment for a period not to exceed 20 years;

   b. a fine not to exceed $250,000, or twice any pecuniary gain to the defendant or loss to the victim(s);

   c. a term of supervised release of not more than 3 years, which may be mandatory under the law and will follow any term of imprisonment. If the defendant violates the conditions of supervised release, the defendant could be imprisoned for the entire term of supervised release;

   d. a mandatory special assessment of $100;

   e. restitution to victims or to the community, which is mandatory under the law, and which the defendant agrees may include restitution arising from all relevant conduct, not limited to that arising from the offense of conviction alone;

   f. costs of incarceration and supervision; and

   g. forfeiture of property.

4. **Immigration consequences**: The defendant recognizes that pleading guilty may have consequences with respect to the defendant's immigration status if the defendant is not a citizen of the United States. Under federal law, a broad range of crimes are removable offenses. The defendant understands this may include the offense to which the defendant is pleading guilty, and for purposes of this plea agreement, the defendant assumes the offense is a removable offense. Removal and other immigration consequences are the subject of a separate proceeding, however, and the defendant understands that no one, including the defendant's attorney or the district court, can

predict to a certainty the effect of the defendant's conviction on the defendant's immigration status. The defendant nevertheless affirms that the defendant wants to plead guilty regardless of any immigration consequences that the defendant's plea of guilty may entail, even if the consequence is the defendant's automatic removal from the United States.

5. **Sentencing agreement**: Pursuant to Federal Rule of Criminal Procedure 11(c)(1)(C), the parties agree that the appropriate term of imprisonment in this case is no more than 120 months. If the Court accepts this plea agreement, this sentencing provision is binding on the Court. Other than the agreed maximum term of imprisonment, there are no other sentencing limitations, and the Court remains free to determine the appropriate sentence under the advisory United States Sentencing Guidelines and 18 U.S.C. § 3553.

6. **Rejection of agreement**: Pursuant to Federal Rule of Criminal Procedure 11(c)(5), if the Court rejects this plea agreement, the defendant will be allowed to withdraw the defendant's guilty plea. If the defendant declines to withdraw the defendant's guilty plea, the disposition of the case may be less favorable than that contemplated by the plea agreement.

7. **Mandatory special assessment**: Prior to sentencing, the defendant agrees to pay to the U.S. District Clerk the amount of $100, in satisfaction of the mandatory special assessment in this case.

8. **Defendant's agreement**: The defendant shall give complete and truthful information and/or testimony concerning the defendant's participation in the offense of conviction.

9. **Financial Obligations**: The defendant understands that any financial obligation imposed by the Court for restitution, fines, or special assessments is due and payable immediately. In the event the Court imposes a schedule for payment, the defendant agrees that such a schedule represents a minimum payment obligation and does not preclude the U.S. Attorney's Office from pursuing any other means by which to satisfy the defendant's full and immediately enforceable financial obligation. The defendant understands that the defendant has a continuing obligation to pay in full as soon as possible any financial obligation imposed by the Court. The defendant further agrees as follows:

   a. **Financial Disclosures:** Within 14 days of the execution of this plea agreement, the defendant shall submit an accurate and complete personal financial statement under oath to the U.S. Attorney's Office. Upon demand, the defendant shall additional financial documentation and/or financial statements under oath when requested by the USPO, the Court, or the government. Any financial disclosures may be shared between and among the government and the USPO as needed for collection of any financial obligations.

   b. **Financial Interviews:** The defendant shall submit to interviews by the government and the USPO regarding the defendant's capacity to satisfy any fine, restitution, or special assessment.

   c. **Credit Check:** The defendant expressly authorizes the United States Attorney's Office to immediately obtain a credit report on the defendant to evaluate the defendant's ability to satisfy any financial obligation imposed by the Court.

  d. **Asset Preservation:** Until restitution is paid in full by all defendants, the defendant agrees not to transfer any asset in which the defendant has an interest without prior express written consent of the U.S. Attorney, except for: (1) ordinary living expenses necessary to house, clothe, transport, and feed the defendant and those to whom the defendant owes a legal duty of support; and (2) attorney's fees incurred in connection with this criminal case. The defendant further agrees to fully cooperate with the government in the liquidation of assets to be applied towards any financial obligations imposed in this case. The defendant understands the government will review all financial disclosures submitted and require the defendant to make good-faith efforts toward payment of all financial obligations imposed by this Court.

  e. **Treasury Offset Program:** The defendant consents to enrollment upon sentencing in the Treasury Offset Program, at the sole discretion of the government, which would allow for funds otherwise payable to the defendant from any federal agency, including the Internal Revenue Service and the Social Security Administration, to be applied to the defendant's outstanding financial obligations imposed by the Court.

10. **Restitution**: Pursuant to 18 U.S.C. §§ 3663A and 3663(a)(3), the defendant agrees that the Court is authorized to order, and the defendant agrees to pay, restitution for all losses resulting from the offense of conviction and all relevant conduct, in an amount to be determined by the Court. The defendant agrees that, for purposes of this Plea Agreement, restitution for relevant conduct shall include all acts and omissions described in USSG § 1B1.3(a)(1)(A) and (1)(B), as well as all acts and omissions that were part of the same course of conduct or common scheme or plan, regardless of whether the grouping rules in USSG § 3D1.2 might apply to computation of the advisory imprisonment range. The defendant understands, should the Court order that restitution be paid jointly and severally with others who are required to pay restitution for the same loss to victims, that credit may not be received for all payments made by any other person

with joint and several liability. The defendant agrees that any restitution ordered to be paid jointly and severally remains the responsibility of the defendant until the respective victim has been paid in full.

11. **Government's agreement**: The government will not bring any additional charges against the defendant based upon the conduct underlying and related to the defendant's plea of guilty. The government will file a Supplement in this case, as is routinely done in every case, even though there may or may not be any additional terms. The government will dismiss, after sentencing, any remaining charges in the pending Information. This agreement is limited to the United States Attorney's Office for the Northern District of Texas and does not bind any other federal, state, or local prosecuting authorities, nor does it prohibit any civil or administrative proceeding against the defendant or any property.

12. **Violation of agreement**: The defendant understands that if the defendant violates any provision of this agreement, or if the defendant's guilty plea is vacated or withdrawn, the government will be free from any obligations of the agreement and free to prosecute the defendant for all offenses of which it has knowledge. In such event, the defendant waives any objections based upon delay in prosecution. If the plea is vacated or withdrawn for any reason other than a finding that it was involuntary, the defendant also waives objection to the use against the defendant of any information or statements the defendant has provided to the government, and any resulting leads.

13. **Voluntary plea**: This plea of guilty is freely and voluntarily made and is not the result of force or threats, or of promises apart from those set forth in this plea

agreement. There have been no guarantees or promises from anyone as to what sentence the Court will impose.

14. **Waiver of right to appeal or otherwise challenge sentence**: The defendant waives the defendant's rights, conferred by 28 U.S.C. § 1291 and 18 U.S.C. § 3742, to appeal the conviction, sentence, fine and order of restitution or forfeiture in an amount to be determined by the district court. The defendant further waives the defendant's right to contest the conviction, sentence, fine and order of restitution or forfeiture in any collateral proceeding, including proceedings under 28 U.S.C. § 2241 and 28 U.S.C. § 2255. The defendant further waives the defendant's right to seek any future reduction in the defendant's sentence (e.g., based on a change in sentencing guidelines or statutory law). The defendant, however, reserves the rights (a) to bring a direct appeal of (i) a sentence exceeding the statutory maximum punishment, or (ii) an arithmetic error at sentencing, (b) to challenge the voluntariness of the defendant's plea of guilty or this waiver, and (c) to bring a claim of ineffective assistance of counsel.

15. **Representation of counsel**: The defendant has thoroughly reviewed all legal and factual aspects of this case with the defendant's attorney and is fully satisfied with that attorney's legal representation. The defendant has received from the defendant's attorney explanations satisfactory to the defendant concerning each paragraph of this plea agreement, each of the defendant's rights affected by this agreement, and the alternatives available to the defendant other than entering into this agreement. Because the defendant concedes that the defendant is guilty, and after conferring with the defendant's attorney, the defendant has concluded that it is in the

defendant's best interest to enter into this plea agreement and all its terms, rather than to proceed to trial in this case.

16. **Entirety of agreement**: This document is a complete statement of the parties' agreement and may not be modified unless the modification is in writing and signed by all parties. This agreement supersedes any and all other promises, representations, understandings, and agreements that are or were made between the parties at any time before the guilty plea is entered in court. No promises or representations have been made by the United States except as set forth in writing in this plea agreement.

AGREED TO AND SIGNED this 21st day of February, 2023.

LEIGHA SIMONTON
UNITED STATES ATTORNEY

_R. Hunter_
RENEE M. HUNTER
Assistant United States Attorney
Texas State Bar No. 24072942
1100 Commerce Street, Suite 300
Dallas, Texas 75242
Tel: 214-659-8798
Email: renee.hunter@usdoj.gov

_Chad E. Meacham_
CHAD MEACHAM
Section Chief

I have read or had read to me this plea agreement and have carefully reviewed every part of it with my attorney. I fully understand it and voluntarily agree to it.

_____    02/23/23
RAHEEL BHAI                                        Date
Defendant

I am the defendant's attorney. I have carefully reviewed every part of this plea agreement with the defendant. To my knowledge and belief, my client's decision to enter into this plea agreement is an informed and voluntary one.

_____    2/23/23
ARNOLD SPENCER                                Date
Attorney for Defendant

Plea Agreement—Page 9