


CLERK US DISTRICT COURT
NORTHERN DIST. OF TX
FILED
2023 FEB 23  PM 3:21
DEPUTY CLERK  MS

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | |
| v. | NO. 3:22-CR-369-X |
| RAHEEL BHAI (2) | |

### FACTUAL RESUME

In support of Raheel Bhai's plea of guilty to the offense in Count One of the Information, Bhai (the defendant), Arnold Spencer (the defendant's attorney), and the United States of America (the government) stipulate and agree to the following:

### ELEMENTS OF THE OFFENSE

To prove the offense alleged in Count One of the Information, charging a violation of 18 U.S.C. § 1343, that is, Wire Fraud, the government must prove each of the following elements beyond a reasonable doubt:[1]

*First.*  That the defendant knowingly devised or intended to devise a scheme to defraud as described in the Information;

*Second.*  That the scheme to defraud employed false material representations, pretenses, or promises;

*Third.*  That the defendant transmitted or caused to be transmitted by means of wire communications, in interstate commerce, any writing, sign, signal, picture, or sound for the purpose of executing the scheme;

*Fourth.*  That the defendant acted with a specific intent to defraud.

---

[1] Fifth Circuit Pattern Jury Instruction 2.57 (5th Cir. 2019).

Factual Resume—Page 1

## STIPULATED FACTS

1. As further described herein, beginning in or about March 2022 and continuing through July 2022, in the Northern District of Texas, the defendant, Raheel Bhai, with intent to defraud, devised and intended to devise a scheme and artifice to defraud and to obtain money and property from Company X, an entity known to the United States Attorney and the defendant,[2] by means of materially false and fraudulent pretenses, representations, and promises, and for the purpose of executing and attempting to execute such scheme and artifice to defraud, knowingly caused to be transmitted by means of wire and radio communications in interstate commerce, certain writings, signs, signals, pictures, and sounds, namely, a wire transfer of funds in the amount of $21,906,500, in violation of 18 U.S.C. § 1343.

2. Bhai was the owner of IBF Properties, LLC ("IBF"), a limited liability company that was formed in Texas on or about April 26, 2021. IBF's primary place of business was in Addison, Texas, which is within the Dallas Division of the Northern District of Texas.

3. Company X was an entity headquartered in New York that operated within the Dallas Division of the Northern District of Texas. Bhai admits and agrees that from in or around March 2022 through in or around July 2022, he, IBF, and others engaged in a scheme to defraud Company X by fraudulently obtaining a multi-million-dollar loan based on false and fraudulent material representations.

4. Bhai admits and agrees that in or around March 2022, he began negotiating

---

[2] Company X is also referred to as the "Lender" in an Indictment previously filed in this cause styled *United States v. Di Hao Zhang*, No. 3:22-CR-369-X (01). (Dkt. 13.)

with Company X to secure a loan on behalf of IBF in the approximate amount of $149,700,000. To obtain the loan, Bhai executed two promissory notes that were secured by twenty-four Walgreens properties owned by IBF.

5.  Throughout the loan process, Bhai submitted various financial statements, rent rolls, reports, and other documents to Company X to support the value of the twenty-four Walgreens properties. Bhai admits and agrees that he represented to Company X that the documents he submitted were accurate, complete, and correct in all material aspects, when in fact, they were not. Specifically, Bhai admits that he altered and forged the lease documents by grossly inflating the amount of monthly rent payments IBF received from the Walgreens properties and by extending the length of the remaining lease payments. Bhai further admits that IBF purchased the Walgreens properties at a much lower price than he represented to Company X. In short, Bhai admits and agrees that the value of the properties as represented to Company X was grossly inflated.

6.  Based on Bhai's false and fraudulent representations, Company X entered into a loan agreement with IBF. In mid-April 2022, a title company acting on behalf of Company X wired the loan proceeds to three entities identified by Bhai to purportedly pay off outstanding liens on the properties. Bhai admits and agrees that, in furtherance of the scheme and artifice to defraud, Bhai concealed from Company X that one of the lien holders he identified, EPI Commercial, LLC, which received over $21 million dollars in the loan proceeds, was actually a front company he had set up to perpetrate the fraud. That is, Bhai formed EPI days before the loan proceeds were distributed, and its sole purpose was to receive fraudulent proceeds from the loan.

7. Bhai further admits and agrees that the false and fraudulent representations he made to Company X were material. Specifically, Bhai admits that had Company X known the true value of the Walgreens properties or that Bhai controlled EPI, it would not have extended the loan to IBF or sent the loan proceeds to EPI.

8. As one example of the execution of the aforesaid scheme and artifice to defraud, on or about April 19, 2022, Bhai, within the Northern District of Texas, for the purpose of executing and attempting to execute the foregoing scheme and artifice to defraud and to obtain money from Company X by means of false and fraudulent pretenses, representations, and promises, knowingly and with specific intent to defraud caused to be transmitted, by means of wire transmission in interstate commerce, a wire transfer in the amount of $21,906,500 from Stewart Title Guaranty's bank account with Wells Fargo Bank, N.A., to a bank account for EPI Commercial, LLC, at Bank of America, N.A.

9. Bhai further admits and agrees that in or around July 2022, he and others transferred approximately $5,000,000, which included fraud proceeds, to Di Hao Zhang. The purpose of transferring the fraud proceeds to Zhang was so Zhang could launder the fraud proceeds through his bank account and convert the proceeds into cryptocurrency, which Zhang understood would be accessed in Pakistan.

10. The defendant agrees that the defendant committed all the essential elements of the offense. This factual resume is not intended to be a complete accounting

10. The defendant agrees that the defendant committed all the essential elements of the offense. This factual resume is not intended to be a complete accounting of all the facts and events related to the offense charged in this case. The limited purpose of this statement of facts is to demonstrate that a factual basis exists to support the defendant's guilty plea to Count One of the information.

AGREED TO AND STIPULATED on this 23rd day of February, 2023.

_____
RAHEEL BHAI
Defendant

_____
ARNOLD SPENCER
Attorney for Defendant

LEIGHA SIMONTON
UNITED STATES ATTORNEY

_____
RENEE M. HUNTER
Assistant United States Attorney
Texas State Bar No. 24072942
1100 Commerce Street, Third Floor
Dallas, Texas 75242-1699
Telephone: (214) 659-8600
Facsimile: (214) 659-8809
Renee.Hunter@usdoj.gov