IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| v. | § | Case No. 3:22-CR-369-X |
| | § | |
| RAHEEL BHAI | § | |

**IMPACT STATEMENT BY VICTIMS REVERE CAPITAL MANAGEMENT, LP REVERE CREDIT OPPORTUNITIES FUND III, LP, AND RETAIL PORTFOLIO HOLDING LLC**

Toby M. Galloway
State Bar No. 00790733
tgalloway@winstead.com
**WINSTEAD PC**
302 Throckmorton, Suite 1700
Fort Worth, Texas 76102
817.420.8262

John Adolph
State Bar No. 24059358
jadolph@winstead.com
**WINSTEAD PC**
2728 North Harwood Street, Suite 500
Dallas, Texas 75201
214.745.5145

**COUNSEL FOR VICTIMS REVERE CAPITAL MANAGEMENT, LP, REVERE CREDIT OPPORTUNITIES FUND III, LP, AND RETAIL PORTFOLIO HOLDING LLC**

**TABLE OF CONTENTS**

I. INTRODUCTION ........................................................................................................ 1
II. REVERE IS A VICTIM OF BHAI'S FRAUD .................................................................. 1
III. LEGAL AUTHORITY .................................................................................................. 6
IV. CONCLUSION............................................................................................................ 7


## TABLE OF AUTHORITIES

Page(s)

**Cases**

*United States v. Borino*,
   123 F.4th 233 (5th Cir. 2024) ..................................................................................6, 7

*United States v. BP Prods. N. Am. Inc.*,
   610 F. Supp. 2d 655 (S.D. Tex. 2009) ...........................................................................6

*United States v. Maturin*,
   488 F.3d (5th Cir. 2007) .................................................................................................7

**Statutes**

18 U.S.C.S. § 1343............................................................................................................7

18 U.S.C.S. § 3663A(a)(2)............................................................................................6, 7

18 U.S.C.S. § 3771............................................................................................................6

Under the Mandatory Victims Restitution Act ................................................................6

## I. INTRODUCTION

Revere Capital Management, LP and certain of its subsidiaries and affiliates ("Revere") are victims of a brazen fraud perpetrated by Defendant Raheel Bhai ("Defendant" or "Bhai"). The government charged Bhai with a single count of wire fraud arising from Defendant's fraud on Benefit Street Partners Realty Operating Partnership, L.P. and BSP OF Finance, LLC (collectively, "Benefit Street"), but Revere is every bit as much a victim of Defendant's fraud as Benefit Street. Defendant is a serial con artist and fraudster who stole approximately $36,000,000 from Revere and its investors in the same scheme in which he victimized Benefit Street.

Revere is an institutional private credit manager with a focus on middle-market commercial real estate bridge lending. It pursues lending opportunities through its affiliate funds for its investors, which include charitable foundations, endowments, retirement funds for elderly persons and first responders, family offices, and individual investors.

Revere has a Victim Identification Number and a Personal Identification Number. On January 22, 2025, Revere made a submission to the government that conclusively proves its status as a victim. Nonetheless, Revere believes it necessary to make this submission so the Court can understand its circumstances.

## II. REVERE IS A VICTIM OF BHAI'S FRAUD

### A. Revere's Discovery of Bhai's Fraud.

In July 2022, Revere was in the final stages of closing a $46,930,580.10 loan to Bhai for the acquisition of five different retail properties (the "Mixed Retail Loan"). Bhai was represented on the Mixed Retail Loan by Sherry Meyerhoff Hanson Crance LLP ("SMHC"). Waiting on Bhai to deliver a few remaining documents (including an estoppel from 7-Eleven), Revere grew increasingly frustrated as Bhai and SMHC kept asking Revere to waive its conditions to closing

or restructure the loan at the last minute. The targeted July 8 closing date passed, and the deal started to unravel.

On July 13, Bhai told Revere he was at 7-Eleven headquarters in North Texas working to get the estoppel expedited. Weeks later, Revere would read Benefit Street's lawsuit against Bhai and learn that Bhai and his parents were actually at Benefit Street's attorneys' office in Plano – signing guaranties, pledges, and a forbearance agreement on July 13.

On July 14, with Revere still in the dark, Bhai told Revere he was dropping the 7-Eleven from the Mixed Retail Loan portfolio and would close on just the remaining 4 properties. Then on July 15, Bhai claimed to be in the hospital, possibly with stomach cancer, but said he would try to close the loan on July 19.

On July 19, Bhai started to cut off communication. He messaged Revere that he would call, but never called. The title company told Revere that the sellers were demanding all the earnest money by the close of business if Bhai did not close as contracted. Ned DeLorme ("DeLorme") – Bhai's mortgage broker - called Revere and said that Bhai was not returning his calls or texts. Winstead PC ("Winstead"), the law firm representing Revere in the various transactions, called Andrew Hanson ("Hanson") at SMHC, who said that as of the previous week, his firm was no longer representing Bhai.

On July 21, DeLorme told Revere that Bhai messaged him wanting to push closing another week, but DeLorme did not understand how that was possible since all properties were no longer under contract. Not hearing anything from Bhai, Revere instructed Winstead stop all work on the deal.

On July 25, DeLorme called Revere and informed them that Bhai and his parents had fled the country. On July 28, one of the brokers for the loan told Winstead that the sellers did not receive

the earnest money and the sellers had learned that Bhai was faking their leases. A few days later, Revere and Winstead would finally see a copy of the Benefit Street litigation, learning that Bhai did the same thing on all the Walgreens assets in a prior transaction when Revere was the lender.

    **B.**    **San Angelo Loan Fraud.**

Having escaped being defrauded on the July loan only because Revere would not accommodate Bhai's requests to waive its conditions and close on July 8, Revere quickly turned to its remaining credit exposure to Bhai. On July 28, Revere discovered that Bhai had defrauded it in an outstanding $6,750,000 loan (the "San Angelo Loan") made by REVERE CREDIT OPPORTUNITIES FUND III, LP ("Revere Fund III") on December 17, 2021, to Raheel Retail Properties, LLC ("Raheel Retail"), an entity owned and controlled by Bhai. The San Angelo Loan was for the acquisition of a property in San Angelo, Texas, from JHSSE Petroleum Fund LLC ("JHSSE Fund"). Bhai was represented on the San Angelo Loan, as he was on all previous real estate loans with Revere, by Munsch Hardt Kopf & Harr P.C. ("Munsch Hardt").

The San Angelo Loan was purported to be secured by a lease to a "Stripes" convenience store owned by 7-Eleven for $465,000 per year. See Exhibit 1.2(b)A (Fraudulent San Angelo Lease and Estoppel). After sending notice to 7-Eleven to pay its rent directly to Revere pursuant to the terms of the collateral assignments, 7-Eleven informed Revere that this location – although a "Stripes" - is not leased by 7-Eleven. In fact, the tenant on this property was Sunoco Retail LLC ("Sunoco"), a successor to Town & Country Food Stores, Inc. – and it was only paying $35,000 per year, a far cry from the $465,000 claimed by Bhai. See Exhibit 1.2(b)B (Authenticated San Angelo Lease and Amendments).

Revere also learned that in addition to faking the lease, Bhai fabricated the purchase and sale agreement. Having worked with Hanson on the Mixed Retail Loan in July 2022 when Bhai

fled the country, Winstead noticed Hanson's signature as "Authorized Agent" on the deed from JHSSE Fund to Raheel Retail. See Exhibit (Deed to Raheel Retail from JHSSE Fund). On July 28, Winstead again called Hanson, who stated that he terminated his representation with Bhai before the Benefit Street issues surfaced earlier in July and confirmed that JHSSE Fund was an entity owned and controlled by Bhai. He explained that he represented JHSSE Fund in what Bhai told him was an internal corporate restructuring and shifting of assets among Bhai entities. According to Hanson, Bhai was unable to sign the closing documents and authorized him as his attorney to sign on behalf of JHSSE Fund. Putting the pieces together, Revere learned that Bhai had used JHSSE Fund to purchase the San Angelo property from a third-party seller for $695,000. See Exhibit1.2(c)B (Deed to JHSSE Fund from Third-Party Seller). Using SMHC out of California to handle the property conveyance and Munsch Hardt to handle the San Angelo Loan, he effectively used two firms to close two fraudulent transactions – tricking Revere into financing the acquisition of the property by Bhai's left hand from his right hand and fabricating the lease and many other documents.

Revere Fund III assigned the San Angelo Loan to RETAIL PORTFOLIO HOLDING LLC ("Revere Retail Holding") and foreclosed on October 4 with a credit bid of $450,000. On April 11, 2023, Revere Retail Holding sold the property to Sunoco for $430,000 – an approximate $6,500,000 net loss to Revere and its investors.

On June 16, 2023, Revere Fund III was awarded a final default judgment against Raheel Retail, JHSSE Fund, and IBF Properties, LLC ("IBF"). See Exhibit 1.2(e) (Final Default Judgment – Revere Credit Opportunities Fund III, LP, v. Raheel Retail Properties, LLC, Raheel Bhai, JHSSE Petroleum Fund, LLC and IBF Properties, LLC, Cause No. DC-22-11540). The court awarded Revere $7,327,995.90. Revere has received nothing from this judgment.

### C. Walmart Loan Fraud.

On August 4, 2022, Revere discovered that Bhai had also defrauded them in an outstanding $41,500,000 loan (the "Walmart Loan") made by Revere Fund III on September 22, 2021, to RIBA Walmart Investment LLC ("RIBA Walmart"), an entity owned and controlled by Bhai. The Walmart Loan was a refinance of a loan from another lender to Bhai that was scheduled to foreclose on Bhai's assets.

The Walmart Loan was secured by seven Walmart Neighborhood Markets in North Texas (collectively, the "Walmart Markets"). Bhai presented fake leases to Revere during its 12-day diligence period. A sample Walmart Market Lease is attached as Exhibit 1.3(b) A (Fraudulent Walmart Market Lease). On August 4, 2022, Walmart sent the authenticated leases to Revere. Revere had been tricked into making a loan based off of fraudulent leases that overstated rental revenues ranging from 2x to 11x more than Walmart was actually paying. See Exhibit 1.3(b) B (Sample Authenticated Walmart Market Lease).

Revere Fund III assigned the Walmart Loan to Revere Retail Holding and conducted a foreclosure sale on October 4, 2022. A group of investors bid on the Walmart Markets and purchased the portfolio at the auction for $10,600,000.01.

On June 16, 2023, Revere Fund III was awarded a default judgment against RIBA Walmart, RIBA Holdings, LLC, IBA Properties, LLC, Bhai, and Bhai's father Ismael Essa Bhai. See Exhibit 1.3(d) (Default Judgment, Revere Credit Opportunities Fund III, LP, v. RIBA Walmart Investment, LLC, RIBA Holdings, LLC, IBA Properties, LLC, Raheel Bhai and Ismael Essa Bhai, Cause No. DC-22-11542). The court awarded Revere $37,546,947.72. Revere has received nothing from this judgment.

### III.  LEGAL AUTHORITY

Crime victims play an undesired but vital role in the criminal justice system. Various statutes and the Federal Rules of Criminal Procedure empower crime victims with a voice in the process. For instance, the CVRA guarantees crime victims certain rights in criminal proceedings. *See* 18 U.S.C. § 3771. Under the CVRA, those rights include the "right to full and timely restitution as provided in law[;]" the right to timely notice of proceedings involving the release, plea, sentencing, or parole of the defendant; the right not to be excluded from and to be heard at any such proceeding; the right to confer with the government attorney in the case; the "right to be treated with fairness and respect for the victim's dignity and privacy." *Id.* at § 3771(a) (the CVRA includes numerous other rights). The CVRA also imposes duties on courts. "In any court proceeding involving an offense against a crime victim, the court shall ensure that the crime victim is afforded the rights described in subsection (a)." *Id.* at § 3771(b)(1).

The CVRA defines a victim as "a person directly and proximately harmed as a result of the commission of a Federal offense[.]" *Id.* at § 3771(e)(2)(A). Victims also are entitled to the right to confer with the government. *United States v. BP Prods. N. Am. Inc.*, 610 F. Supp. 2d 655, 727 (S.D. Tex. 2009). This includes the right to exchange information about the crime and for the concomitant right "to form and express their views to the government and court." *Id.*

There is no doubt that Revere is a victim of Bhai's criminal conduct. Under the Mandatory Victims Restitution Act, a court may order restitution for the entire losses caused by the defendant's criminal conduct in the course of a scheme, conspiracy, or pattern of criminal activity, not just the specific acts underlying the offense of conviction. 18 U.S.C.S. § 3663A; *United States v. Borino*, 123 F.4th 233 (5th Cir. 2024). The general rule that "a defendant sentenced under the provisions of the MVRA is only responsible for restitution for conduct underlying the offense for which he has been convicted" does not apply in cases involving a "scheme, conspiracy, or pattern

of criminal activity." *Borino*, 124 F.3d at 251-252. Instead, when the offense "involves as an element a scheme, conspiracy, or pattern of criminal activity, the defendant's restitution obligation extends to any person directly harmed by the defendant's criminal conduct in the course of the scheme, conspiracy, or pattern." *Id.* at 252. (citing Section 3663A(a)(2) and *United States v. Maturin*, 488 F.3d, 657, 661(5th Cir. 2007) (internal quotation marks omitted).

Here, Defendant pleaded guilty to violating the wire fraud statute at 18 U.S.C.S. § 1343. As the Fifth Circuit stated in *Borino* just two months ago, "wire fraud, includes, by definition, a fraudulent scheme, not a single act or multiple unrelated acts of fraud." *Borino*, 123 F.4th at 263. Defendant's scheme to commit wire fraud encompasses the fraud he perpetrated both on Revere and Benefit Street.

## IV.    CONCLUSION

Victims Revere Capital Management, LP and certain subsidiaries and affiliates respectfully request to properly be considered a victim of Defendant's conduct for purposes of restitution, as required by applicable law.

Respectfully submitted,

By: */s/ Toby M. Galloway*
    Toby M. Galloway
    State Bar No. 00790733
    tgalloway@winstead.com
    **WINSTEAD PC**
    302 Throckmorton, Suite 1700
    Fort Worth, Texas 76102
    817.420.8262

-and -

John Adolph
State Bar No. 24059358
jadolph@winstead.com
**WINSTEAD PC**
2728 North Harwood Street, Suite 500
Dallas, Texas 75201
214.745.5145

**COUNSEL FOR VICTIMS REVERE CAPITAL MANAGEMENT, LP, REVERE CREDIT OPPORTUNITIES FUND III, LP, RETAIL PORTFOLIO HOLDING LLC**

## CERTIFICATE OF SERVICE

    I certify that on February 5, 2025, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system. I further certify that a true copy of the foregoing was furnished by CM/ECF to all counsel of record.

    */s/ Toby M. Galloway*
    Toby M. Galloway